|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | CHARLESTON RANCHO, LLC, | Case No.: 2:18-cv-02205-APG-VCF |
| 4 | Plaintiff | **Order Granting in Part Defendant's Motion to Dismiss** |
| 5 | v. | [ECF No. 16] |
| 6 | STANLEY CONVERGENT SECURITY SOLUTIONS, INC., | |
| 7 | Defendant | |

Plaintiff Charleston Rancho, LLC owns a building located at 2324 West Charleston Boulevard in Las Vegas. ECF No. 1 at 7. In January 2009, Charleston Rancho entered into a contract with defendant Stanley Convergent Security Solutions, Inc. for security services at the building, including monitoring alarms and dispatching responses to alarms. *Id.* Charleston Rancho paid for installation of both burglar and fire alarms. *Id.*

In October 2016, Charleston Rancho discovered burglars and vandals in the building and asked Stanley why the alarm had not alerted them. *Id.* Stanley's work crew informed Charleston Rancho that no burglar alarm was installed, even though Charleston Rancho had paid for one to be installed and had paid a monthly fee for it. *Id.* at 8.

On a Saturday in December 2018, Stanley informed Charleston Rancho that the fire alarm was triggered in the building. *Id.* Charleston Rancho told Stanley to send a dispatch response because no one from Charleston Rancho was available. *Id.* Stanley reported back that everything was fine at the building. *Id.* The next day, the same thing occurred. *Id.* On Monday, Charleston Rancho discovered the building was flooded. *Id.* According to remediation service providers, the amount of water was consistent with three days' worth of flooding. *Id.*

Charleston Rancho sued Stanley, asserting claims for negligence, breach of contract for failing to respond to the two alarms, breach of contract for failing to install and monitor the burglar alarm, and breach of the implied covenant of good faith and fair dealing. *Id.* at 9-11. Stanley moves to dismiss, arguing that (1) the negligence claim is barred by the economic loss doctrine; (2) the contract between the parties limits the damages Charleston Rancho can recover to 10% of the annual service charges or $1,000, whichever is greater; and (3) the claim for breach of the covenant of good faith and fair dealing does not allege a basis that is independent of the breach of contract claim.

I grant the motion as to the claim for the breach of the covenant of good faith and fair dealing, with leave to amend. I deny the motion in all other respects.

**I. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. Economic Loss Doctrine**

Stanley argues the economic loss doctrine bars Charleston Rancho's negligence claim. Charleston Rancho responds that the doctrine does not apply because Charleston Rancho suffered property damage, so it is not pursuing purely economic losses.

1       Nevada recognizes the rule that a plaintiff may not recover for purely economic losses in
2 a negligence action unless there is privity of contract or injury to a person or property. *Local*
3 *Joint Executive Bd. of Las Vegas, Culinary Workers Union, Local No. 226 v. Stern*, 651 P.2d
4 637, 638 (Nev. 1982). "Purely economic loss is generally defined as the loss of the benefit of the
5 user's bargain . . . including . . . pecuniary damage for inadequate value, the cost of repair and
6 replacement of the defective product, or consequent loss of profits, without any claim of personal
7 injury or damage to other property." *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000)
8 (quotation omitted), *overruled on other grounds by Olson v. Richard*, 89 P.3d 31 (Nev. 2004).

9       The economic loss doctrine does not bar Charleston Rancho's negligence claim because
10 it does not allege purely economic losses. Rather, Charleston Rancho alleges it suffered property
11 damage when the building flooded. Stanley's reliance on *Calloway* and *Fireman's Fund*
12 *Insurance Company v. Sloan Valve Company* is misplaced. In *Calloway*, the Supreme Court of
13 Nevada concluded that a defective component of a building does not cause property damage
14 within the meaning of the economic loss doctrine where the component damages only itself and
15 the building of which it is an integral part. 993 P.2d at 1267-68 (stating that "when a heating and
16 plumbing system damages the building as a whole, the building has injured itself and only
17 economic losses have occurred"). *Fireman's Fund* likewise involved a failed valve in a building
18 that caused a leak, resulting in water damage. *Fireman's Fund Ins. Co. v. Sloan Valve Co.*, No.
19 2:10-CV-01816-RLH, 2011 WL 5598324, at *1 (D. Nev. Nov. 16, 2011).

20       Here, even if the fire alarm was considered an integral part of the building, the alarm is
21 not what failed. Instead, Charleston Rancho alleges it was Stanley's negligent response to the
22 alarm that caused damage to the building by allowing the flooding to continue unabated for days.
23 Stanley's response to an alarm is not an integral part of the building such that it could be said the

3

building essentially injured itself. I therefore deny this portion of Stanley's motion because Charleston Rancho has alleged property damage, not just purely economic losses.

**B. Contractual Exculpation and Limit of Liability Clauses**

Stanley attaches to its motion a contract dated in 2004 purportedly between Charleston Rancho and A-1 Security. ECF No. 16 at 11. In its brief, Stanley asserts A-1 assigned the contract to Stanley. *Id.* at 2 & n.2. I decline to consider this document because Charleston Rancho disputes that the 2004 contract attached to the motion is the one that governed the relationship between it and Stanley at the time of the events at issue. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) (stating that a "district court may, but is not required to incorporate documents by reference"). Charleston Rancho essentially disputes the authenticity of this document as being the contract on which its claims are based. *Id.* at 1160 (stating the incorporation by reference doctrine applies to "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" (quotation omitted)). I therefore deny Stanley's motion to the extent it is based on the provisions of the 2004 contract.

**C. Breach of the Covenant of Good Faith and Fair Dealing**

In Nevada, "every contract imposes upon the contracting parties the duty of good faith and fair dealing." *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 103 P.3d 8, 19 (Nev. 2004) (en banc) (quotation omitted). A breach of the implied covenant may occur when "the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1016 (Nev. 2004) (quotation omitted). "It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct

establishing a separately pled breach of contract claim." *Wells Fargo Bank, N.A. v. Commonwealth Land Title Ins. Co.*, No. 2:18-cv-00494-APG-BNW, 2019 WL 2062947, at *5 (D. Nev. May 9, 2019) (quoting *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1252 (D. Nev. 2016)).

The complaint as currently pleaded alleges the same conduct for the breach of contract claim and the claim for breach of the implied covenant. *Compare* ECF No. 1 at 10 (alleging Stanley "breached the contract by failing to thoroughly respond to the first and second alarms") *with id.* at 11 (alleging Stanley breached the implied covenant "by failing to thoroughly respond to the first and second alarms"). Consequently, the complaint fails to adequately allege a breach of the implied covenant. However, I grant Charleston Rancho leave to amend this claim because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear ... that the complaint could not be saved by any amendment." (quotation omitted)).

## II.  CONCLUSION

IT IS THEREFORE ORDERED that defendant Stanley Convergent Security Solutions, Inc.'s motion to dismiss **(ECF No. 16) is GRANTED in part**. The motion is granted as to the claim for breach of the covenant of good faith and fair dealing. The motion is denied in all other respects.

IT IS FURTHER ORDERED that plaintiff Charleston Rancho, LLC may file an amended complaint on or before September 6, 2019.

DATED this 8th day of August, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE